IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>KAYNE FARQUHARSON,<br><br>     Defendant. | 4:16-CR-3000<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report in this case. The defendant has moved for a downward variance. Filing 81.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

  (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is

   a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections to the presentence investigation report. The defendant has moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 81. The Court will resolve this motion at sentencing.

  Although styled as a motion for variance, the defendant also references U.S.S.G. § 5H1.6 (filing 81-1 at 2), which permits—under certain circumstances—a downward departure based on extraordinary family circumstances. *See United States v. Haversat*, 22 F.3d 790, 797 (8th Cir. 1994); *see United States v. Bueno*, 549 F.3d 1176, 1181 (8th Cir. 2008). To the extent that the defendant moves for a downward departure[1] on those grounds, the motion will be denied. The Court will, however, consider the circumstances set forth in the defendant's motion and accompanying brief in deciding whether to grant the variance.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

---

[1] "Departure" is a term of art under the Guidelines and occurs within the context of the Guidelines themselves, which prescribe that, in certain situations, the sentencing court should depart from the otherwise applicable range. *United States v. Spotted Elk*, 548 F.3d 641, 669-70 (8th Cir. 2008). A variance, on the other hand, results from a separate analysis of whether a non-Guidelines sentence would be more appropriate under the factors set forth in 18 U.S.C. § 3553(a). *Spotted Elk*, 548 F.3d at 670.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of April, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge